IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                  OPINION AND ORDER

         Plaintiff,

                  10-cv-47-bbc
                  08-cr-134-bbc

    v.

MORRIS E. BROWN,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this motion for post conviction relief under 28 U.S.C. § 2255, defendant Morris E. Brown contends that he was denied the effective assistance of counsel after he was indicted in this case for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and that he was given an illegal sentence. He concedes that he did not take a direct appeal from his sentence, but argues that because he did not, this court retained jurisdiction of his case and he remains free to pursue collateral relief here.

Defendant's view of the procedural posture of his case is a little skewed. He is correct in thinking that he can bring a motion for post conviction relief even if he did not take a direct appeal from his conviction and sentence, but he does not acknowledge that § 2255 is

1

not intended to be a substitute for a direct appeal. Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007). In order to proceed, defendant must show both that he has good cause for not taking the appeal and that he will be prejudiced if he is not allowed to have his claims heard now. (Alternatively, he may proceed if he can show that a miscarriage of justice will result if he is unable to have his claims heard, but he has not made a claim of actual innocence.) Prewitt v. United States. 83 F.3d 812, 816 (7th Cir. 1996) ( "An issue not raised on direct appeal is barred from collateral review absent a showing of both *good* cause for failure to raise claims on direct appeal and actual *prejudice* from the failure to raise those claims or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.") (citing Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir. 1989)).

Defendant's motion fails at the outset because he has not alleged any reason for his failure to take a direct appeal from his conviction and sentence. He does not say that he asked his counsel to take such an appeal and that she refused or forgot to do so, much less set forth the details of when he asked her, who was present and what the circumstances were, as he is required to do if he wants to establish cause. Prewitt, 83 F.3d at 819 (holding that mere unsupported assertions not enough for grant of hearing; petitioner must file detailed and specific affidavit showing he has actual proof of allegations). Moreover, he does not say that his counsel did not consult with him about an appeal. Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000) (holding that when defendant does not instruct counsel to file appeal or

notice of appeal, ineffective assistance of counsel inquiry begins with determination whether counsel consulted with defendant about possibility of appeal). In Roe, the Court defined "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." If that happens, "the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id.

If defendant had a reasonable chance of proving that he was prejudiced by not taking an appeal, I would give him an opportunity to advise the court whether his trial attorney consulted with him about an appeal. Under the circumstances, however, that would be a futile gesture because defendant has not shown that he could meet the other prong of a showing of ineffective assistance, which is prejudice resulting from his inability to have his claims heard.

Defendant contends that his representation was constitutionally ineffective in two respects: his trial counsel did not raise a Speedy Trial Act objection to the 85 days that passed between the time he made his first appearance in this court and the day he entered his plea of guilty and she did not object to the court's application of a four-point enhancement to his base offense level under the advisory sentencing guidelines. Defendant

3

is mistaken when he asserts that the Speedy Trial Act was violated. Defendant first appeared on this indictment in this court on September 23, 2008. On that day, the magistrate judge set the schedule for pretrial motions, giving defendant until December 1, 2008, in which to file any such motions. The time between September 23 and December 1 is not included in calculating the 70 days under the Speedy Trial Act. United States v. Montoya, 827 F.2d 143, 153 (7th Cir. 1987) (time set by judge for filing of motions is excluded from 70-day period). See also United States v. Garrett, 45 F.3d 1135, 1138 (7th Cir. 1995) (counting of time set aside for filing motions and period between filing and decision does not amount to double-counting under § 3161(h)(1)(F) of Speedy Trial Act). (The Act has been renumbered; subsection (F) is now (D).)

As to defendant's assertion that his counsel should have objected to the four-point enhancement to his advisory guideline sentence, he has not identified any basis on which she could have done so. The probation office recommended the enhancement because defendant had possessed a firearm in connection with another offense, specifically, shooting a firearm into an occupied residence. Defendant asserts that, in making this recommendation, the probation office relied improperly on a confidential statement defendant made to his state probation officer. Defendant argues that Fed. R. Crim. P. 32(d)(3)(B) bars probation officers from including in the presentence report any information "obtained upon a promise of confidentiality."

4

Even if defendant is correct about the circumstances under which he made the statement to his probation officer, he cannot show that the enhancement would not have been applied, but for the allegedly confidential statement. The statement was not the sole basis for the probation office's recommendation. The office had ample evidence other than the statement to support its recommendation, starting with the police department's July 6, 2008 investigation of a shooting at Dawnte Gibson's residence. In the course of that investigation, the police observed multiple holes in the apartment's sliding glass doors, four projectile holes inside the apartment and a Remington .22 caliber casing in the parking lot outside the apartment. Two nights later, on July 8, 2008, the police responded to the same apartment in response to a call about an attempted burglary. Witnesses described the would-be burglar as a black male, who wore all black clothing and drove off in a Dodge Intrepid, later identified as registered to defendant's girlfriend, Tanisha Johnson. Johnson told officers that defendant had woken her at 1:00 a.m. that morning, asking to use her vehicle and that he had been wearing black shorts and a black T-shirt when he left. On July 30, the Wisconsin State Crime Laboratory confirmed that the Remington cartridge casing found in the parking lot had been fired from the firearm that defendant had in his possession when he was arrested. In light of this evidence, defendant's counsel had no grounds on which to object to the recommended enhancement.

Defendant argues that in addition to the allegedly ineffective assistance of his counsel,

the court erred in two ways: in not making an independent determination of the Speedy Trial Act violation and in accepting the premise that defendant's sentence should be enhanced because he had possessed the firearm in connection with another felony offense. As I have explained, defendant had no grounds for asserting a Speedy Trial Act violation or a violation of the sentencing guidelines. Defendant cites a number of cases in support of his argument that it was improper to enhance his sentence but the cases do not help him because the factual situations they address are far different from those in this case.

I conclude that defendant has shown no reason why his § 2255 motion should be granted.

## ORDER

IT IS ORDERED that defendant Morris E. Brown's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED for his failure to show that either his conviction or sentence is illegal.

Entered this 18th day of February, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge