IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

                v.                          08-cr-134-bbc-1

MORRIS E. BROWN,

                Defendant.

---

A hearing on the probation office's petition for judicial review of Morris E. Brown's supervised release was held on August 22, 2016, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Meredith P. Duchemin. Defendant was present in person and by counsel Erika L. Bierma. Also present was U.S. Probation Officer Lisa A. Siegel.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on March 19, 2009, following his conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 76 months. A three-year term of supervised release to follow the term of imprisonment was also imposed. Defendant began his term of supervised release on February 20, 2015.

Starting less than six months from the date of his release, defendant began violating the mandatory condition of his supervised release prohibiting him from possessing a controlled substance, Special Condition No. 7, prohibiting him from using illegal drugs and requiring him to submit to drug testing, and Standard Condition No. 7, prohibiting him from the purchase, possession, use, distribution or administration of any narcotic or controlled substances. Between July 28, 2015 and April 28, 2016, defendant submitted ten urine specimens that tested positive for marijuana, all of which were confirmed through laboratory testing. With one exception, since March 2016, defendant has failed to make up any missed drug tests the day following a missed test, as he is required to do. In 2016, defendant missed tests on March 2 (made up on March 7); April 11 (made up on April 18); May 4 (made up on May 16); May 17 (made up on May 24); and June 21 (made up on June 22). He failed to show up for his required drug tests on September 4, 2015; and on March 29, April 8, June 11 and July 18, 2016 and has failed to make

2

them up, as he is required to do.

Defendant violated Special Condition No. 7, requiring him to participate in substance abuse treatment when he failed to schedule Alcohol and Other Drug Abuse (AODA) counseling sessions as required for September 2015, February 2016 and March 2016.  He also failed to show up for his scheduled counseling appointments on November 5, November 12 and December 4, 2015, and on January 9 and April 15, 2016.  Defendant showed up for only a portion of his scheduled counseling sessions on November 3 and December 30, 2015.  As a result of his lack of accountability and refusal to participate, defendant has been discharged from AODA counseling as unsuccessful.

Defendant violated Special Condition No. 6 requiring him to participate in a mental health referral, assessment and treatment.  He missed scheduled appointments on July 13, July 24 and November 25, 2015.  He attended only one of the two required monthly appointments in January, February and March 2016.  He failed to schedule any appointments in August, September or December, 2015 and in April 2016.  He has been discharged from mental health counseling as a result of his continued failures to comply with counseling requirements.

Defendant's most serious conduct falls into the category of a Grade B violation.  Under §7B1.3(a)(1) of the advisory guidelines, the court is to revoke supervised release upon finding of a Grade B violation.  Under 18 U.S.C § 3583(g)(4), the court is to revoke supervised release for any defendant who, as part of drug testing, tests positive for illegal controlled substances more

than three times over the course of one year.  Defendant submitted urine specimens that tested positive for marijuana on July 28, August 4, August 19, October 2, October 26, November 23 and November 30, 2015 and on February 12, April 18 and April 28, 2016.  As previously noted, all of these specimens were confirmed positive for marijuana use by laboratory testing.  I find that these incidents meet the statutory requirements of 18 U.S.C. § 3583(g)(4).

## CONCLUSIONS

18 U.S.C. § 3583(g)(1), (3) and (4) directs the court to revoke supervised release if a defendant possesses a controlled substance, refuses to comply with drug testing imposed as a condition of release or as part of drug testing or tests positive for illegal controlled substances more than three times over the course of one year.  Although defendant refused to comply with drug testing and tested positive for illegal substances more than three times in one year, he has prospects for a remunerative job and has obtained permanent housing.  Accordingly, I will give him a second opportunity to demonstrate his commitment to change.  I will defer a ruling on the probation office's petition for review of defendant's supervised release and will schedule another hearing on November 21, 2016 at 1:00 p.m., at which time I will consider whether defendant has complied with the conditions of his supervised release and should be allowed to complete his entire term of release.  If at any time before November 21, 2016, the probation office believes that defendant is not complying with the conditions of his supervised release, it may notify the

court and the parties and a hearing will be set to determine whether the term of supervised release should be revoked.

ORDER

IT IS ORDERED that a ruling on the probation office's motion for judicial review of defendant Morris E. Brown's supervised release is continued until November 21, 2016 at 1:00 p.m. unless before that time, the probation office renews its motion on the ground that defendant has been violating the conditions of supervised release imposed on him on March 19, 2009.

Entered this 22d day of August, 2016.

BY THE COURT:

/s/

Barbara B. Crabb
District Judge